IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

|  |  |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>10 S. Howard Street<br>Baltimore, Maryland 21201<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>INNERSHORE ENTERPRISES, INC. d/b/a<br>MARLOW 6 THEATRE<br>3899 Branch Avenue<br>Temple Hills, Maryland 20748<br><br>　　　　　　　　Defendant. | CIVIL ACTION NO.:<br><br>C O M P L A I N T<br>Jury Trial Demand |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Robin C. Adams who was adversely affected by such practices. As articulated in greater particularity in paragraphs 8 and 9 below, the Commission alleges that Defendant, Innershore Enterprises, Inc. d/b/a Marlow 6 Theatre ("Defendant" and/or "Marlow 6"), discriminated against Robin C. Adams, a qualified individual with a disability, or in the alternative, an individual who was regarded as disabled, on the basis of her status as HIV positive when Defendant reassigned her to a less desirable position and then terminated her after learning of her disability.

## JURISDICTION AND VENUE

1.	Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights act of 1991, 42 U.S.C. § 1981a.

2.	The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3.	Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.	At all relevant times, Defendant Marlow 6 ("Defendant Employer") has continuously been a Virginia corporation doing business in the state of Maryland and the city of Temple Hills, and has had at least 15 employees.

5.	At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.     At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.     More than thirty days prior to the institution of this lawsuit, Robin C. Adams filed a Charge of Discrimination with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.     Since at least May 2007, Defendant Employer has engaged in unlawful employment practices at its Temple Hills, Maryland location, in violation of Section 102 of Title I of the ADA, 42 U.S.C., §§ 12112(a), (b)(1), (b)(5)(A) and (b)(5)(B), by discriminating against Robin C. Adams because she is HIV positive. The unlawful employment practices include the following:

(a)    In May 2007, Defendant Employer hired Robin C. Adams as a Concessions Manager at its movie theater located at 3899 Branch Avenue, Temple Hills, Maryland 20748.

(b)    Robin C. Adams, who is HIV positive, successfully performed the duties of Concessions Manager from her date of hire until June 2, 2007.

(c)    On or about May 28, 2007, Robin C. Adams informed Defendant that she was HIV positive.

(d)    On or about June 2, 2007, Defendant reassigned Robin C. Adams to the position of "Greeter," a less desirable position, and refused to allow her to work a previously scheduled second-shift. At that time, Defendant advised Robin C. Adams that it would contact her regarding her future work schedule.

(e)    Following June 2, 2007, Defendant did not place Robin C. Adams on the work schedule. In an attempt to determine if she had been terminated, Ms. Adams contacted

Defendant's owner and President, Kiran Khorana, who told her, "I can do what I want." Ms. Adams understood that statement to mean that she was terminated.

9. In the alternative, Defendant has engaged in unlawful employment practices at its facility, in violation of Section 102 of Title I of the ADA, 42 U.S.C. §§ 12112(a), (b)(1), (b)(5)(A) and (b)(5)(B), by discriminating against Robin C. Adams because it regarded her as disabled when it learned that she was HIV positive.

10. The effect of the practices complained of in paragraph 8 and 9 above has been to deprive Robin C. Adams of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

11. The unlawful employment practices complained of in paragraph 8 above were intentional.

12. The unlawful employment practices complained of in paragraph 8 above were done with reckless indifference to the federally protected rights of Robin C. Adams.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that the Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability, including but not limited to reassigning an employee to a less desirable position and termination due to the fact that the employee is disabled or perceived as disabled.

B. Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for qualified individuals with

disabilities, or perceived disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to institute and carry out anti-discrimination policies and complaint procedures for individuals with disabilities or perceived disabilities.

D. Order Defendant Employer to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its polices against discrimination, retaliation and the ADA.

E. Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination and requiring all managers and supervisors to report any incidents and/or complaints of discrimination and/or retaliation of which they become aware to the department charged with handling such complaints.

F. Order Defendant Employer to make whole Robin C. Adams by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

G. Order Defendant Employer to make whole Robin C. Adams by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8 and 9 above, in amounts to be determined at trial.

H. Order Defendant Employer to make whole Robin C. Adams by providing compensation for past, present and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 8 and 9 above, including humiliation, emotional pain,

suffering, anxiety, stress, loss of enjoyment of life, depression and inconvenience, in amounts to be determined at trial.

    I.    Order Defendant Employer to pay Robin C. Adams punitive damages for its malicious and reckless conduct, as described in paragraphs 8 and 9 above, in amounts to be determined at trial.

    J.    Grant such further relief as the Court deems necessary and proper in the public interest.

    K.    Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
(Bar No. 04312)
Acting Regional Attorney

*[signature]*

CECILE C. QUINLAN
(Bar No. 06072)
Senior Trial Attorney
EQUAL EMPLOYMENT
 OPPORTUNITY COMMISSION
Baltimore Field Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, Maryland 21201
Telephone number: (410) 209-2728
Facsimile number: (410) 962-4270